# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| T. ANTHONY GUAJARDO, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| STATE BAR OF TEXAS, STATE BAR OF ARIZONA, ARIZONA SUPREME COURT, SCOTT BALES, CHIEF JUSTICE, In His Official Capacity, STATE BAR OF ARIZONA, | § § § § § § § § | Civil Action No. SA-18-CA-1320-XR |
| *Defendants.* | § | |

## ORDER

Before the Court are Defendants' Motions to Dismiss (docket no. 4; docket no. 7; docket no. 11), filed on January 11, 2019, January 16, 2019, and January 29, 2019 respectively. After careful consideration, the Court grants Defendants' motions.

## Background

Plaintiff Anthony Guajardo sued the State of Arizona, the State Bars of Texas and Arizona, as well as the Arizona Supreme Court, and Chief Justice Scott Bales of the Arizona Supreme Court in his official capacity on December 18, 2019. (docket no. 1 at 1) Plaintiff alleges numerous due process claims against the defendants arising out of a disciplinary proceeding against him in Arizona that ultimately led to his disbarment there on February 2, 2017. (docket no. 1 at 1-5) The disbarment in Arizona also led to spill-over effects in Texas, namely, Plaintiff was disbarred here on August 7, 2017. (docket no. 4-2 at 5)

Plaintiff seeks injunctive relief to the effect that the judgment of disbarment in Arizona should be invalidated and the disbarment in Texas vacated on the grounds that it was based on

1

the aforementioned judgment and independent constitutional violations. (docket no. 1 at 49) Plaintiff also prays this Court grant declaratory judgment that the disciplinary regimen administered by the State Bar of Arizona is unconstitutional under the law of Arizona. *Id.* Lastly, Plaintiff alleges various theories of damages against the State of Arizona, the State Bar of Arizona, the Arizona Supreme Court, and Chief Justice Bales. *Id.* at 49-50.

On July 10, 2015, the Arizona Supreme Court Attorney Discipline Probable Cause Committee reviewed an Arizona State Bar's investigatory report into Plaintiff's alleged misconduct by failure to appear in court on multiple occasions. On July 27, 2015, it found probable cause for the State Bar to file a complaint against Plaintiff. (docket no. 1 at exhibit 6) The following year, the same Committee reviewed a reported perjury violation on April 10, 2016. *Id*. The Committee again found probable cause for the Arizona State Bar to file another charge against Plaintiff. *Id*. On May 12, 2016 the State Bar of Arizona filed its complaint alleging Plaintiff committed perjury and failed to appear in court on multiple occasions despite warnings by the presiding judge. (docket no.1 at exhibit 6) On November 1, 2016, the State Bar of Arizona suspended Plaintiff's law license for one year and ordered him to undergo a mental health evaluation. (docket no. 4-1 at 1)

Plaintiff elected to settle his case with the Arizona State Bar by consenting to his disbarment on January 31, 2017. (docket no. 4-2 at 2) On February 2, 2017, the presiding disciplinary judge accepted Plaintiff's consent to disbarment. *Id*. Word of Plaintiff's disbarment quickly reached the Texas State Bar, which soon began reciprocal disciplinary proceedings. (docket no. 4-3 at 1) A hearing was held before the Texas Board of Disciplinary Appeals for April 28, 2017. *Id*. Plaintiff informed the Board that he sent a notice of intent to appeal the disbarment in Arizona two days earlier on April 26, 2017. *Id*. Accordingly, the Board issued an

order abating the disciplinary proceeding in Texas in the interim. *Id*. Plaintiff moved for an extension of time to file an appeal with the Arizona Board of Disciplinary Appeals on May 5, 2017, and on June 7, 2017, the presiding disciplinary judge struck Plaintiff's motion for extension of time and notice of appeal. (docket no. 4-1 at 1, 4) The Texas proceedings resumed, and the Texas Board of Disciplinary Appeals heard evidence and argument on August 4, 2017. (docket no. 4-2 at 1) On August 7, 2017 the Texas Board of Disciplinary Appeals formally disbarred Plaintiff. *Id.* Plaintiff did not file an appeal in the Texas Supreme Court. Plaintiff now seeks relief from these judgments against him. (docket no. 1)

**Legal Standard**

Defendants State Bar of Texas, State of Arizona, Arizona Supreme Court, Chief Justice Scott Bales, and the State Bar of Arizona assert numerous Rule 12(b) defenses. However, it suffices for the Court to only address the 12(b)(1) and 12(b)(6) defenses. Most of the claims presented are outside of the Court's subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may be evaluated on the face of the complaint alone, the complaint plus undisputed facts in the record, or the complaint plus undisputed facts in the record and the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). On the other hand, a Rule 12(b)(6) defense must be evaluated on the face of the complaint alone. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).

**Analysis**

As a preliminary matter, the Court finds that Plaintiff's complaint violates Rules 8(a)(2) by not providing a short and plain statement of the grounds for the relief sought. Plaintiff presents thirty-five pages of facts, legal issues, and legal arguments before reaching his claims

for relief. Most of his complaints center around the Presiding Disciplinary Judge William J. O'Neil, who conducted the disciplinary proceedings in Arizona. In his first claim for relief, Plaintiff alleges denial of due process and equal protection in violation of 42 U.S.C. § 1983 based on numerous issues, including the alleged unconstitutional appointment of O'Neill, his lack of an oath of office, the unconstitutional delegation of prosecutorial authority to the State Bar of Arizona, lack of impartiality and due process violations in the underlying Arizona disbarment proceedings, and the fact that the State Bar of Texas failed to provide an appropriate level of due process protections in its disbarment proceeding.

In his second cause of action, Plaintiff alleges a denial of the right to work and denial of First Amendment rights under the Arizona and U.S. Constitutions. In his third cause of action, he alleges that he was intentionally discriminated against based on his age and national origin. This claim appears to be focused on the underlying disciplinary proceedings and requests damages. Plaintiff's fourth cause of action alleges a "fraudulent scheme by Defendants with accompanying mail fraud," which challenges O'Neil's authority to act as a judge and the validity of his judgments, and asserts mail fraud based on the mailing of his judgments. Plaintiff complains that Chief Justice of the Arizona Supreme Court Scott Bales breached his administrative duty to supervise O'Neil, knew or should have know that he is a "fake judge" who is not constitutionally seated, and breached fiduciary duties. Plaintiff requests monetary damages and injunctive relief "enjoining Defendants from continuing to perpetuate their fraud and abuse of power" and asks the Court to refer O'Neil to the FBI for falsely impersonating a Justice of the Supreme Court of Arizona.

In his prayer for relief, Plaintiff asks for various relief, including: (1) a declaratory judgment that (a) appointment of a Presiding Disciplinary Judge pursuant to Rule 51 of the

Arizona Supreme Court is unconstitutional, invalid, and void, (b) that the delegation authority to the State Bar of Arizona (a 501(c)(6) corporation with no prosecutorial authority) is unconstitutional, null, and void, (c) that Plaintiff's disbarment in Texas by the State Bar of Texas is null and void because it was based upon an invalid judgment of disbarment in Arizona; (2) preliminary and permanent injunctive relief restraining Defendants "from further implementing the system of disciplinary action through the use of the Presiding Disciplinary Judge (Judge William J. O'Neil) and the delegation of prosecutorial authority to the State Bar of Arizona; (3) monetary damages; and (4) punitive damages for intentionally violating the Americans with Disabilities Act.[1] Thus, Plaintiff primarily seeks to set aside his Texas disbarment and to have the Court invalidate the Arizona disbarment through a broad attack on Arizona's disciplinary system, in addition to seeking monetary damages for violations of the ADA and § 1983.

The State Bar of Arizona moves for dismissal on various grounds, including that this Court lacks subject matter jurisdiction over Plaintiff's constitutional attacks on his disbarment and on Arizona's system of attorney discipline under the *Rooker-Feldman* doctrine, lack of personal jurisdiction, improper venue, and Eleventh Amendment immunity. Docket no. 7. The State of Arizona, the Arizona Supreme Court, and Chief Justice Scott Bales also assert Eleventh Amendment immunity and the *Rooker-Feldman* doctrine, lack of personal jurisdiction, improper venue, and judicial immunity. Docket no. 11. The State Bar of Texas asserts Eleventh Amendment immunity and abstention principles. Docket no. 4.

**A. Plaintiff's Claims against the State of Arizona, the Supreme Court of Arizona, Chief Justice Bales in his Official Capacity, the State Bar of Arizona, and the State Bar of Texas are Barred by Eleventh Amendment Sovereign Immunity.**

---

[1] Although he seeks damages for violations of the ADA in his prayer and asserts that O'Neil and the State Bar of Arizona violated the ADA in his background, he does not actually assert a claim for relief or cause of action in his enumerated claims. The Court will nevertheless presume such claims are presented.

5

Plaintiff seeks an award of money damages under the ADA and § 1983. In addition, Plaintiff seeks declaratory and injunctive relief against the State of Arizona and various state agencies. These claims are barred by the Eleventh Amendment, which bars federal courts from exercising jurisdiction over suits by citizens against states in law or equity. The Eleventh Amendment serves two purposes; it protects the state treasury, and upholds the inherent dignity of states in a federal system. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996).

The claims seeking monetary damages against the State of Arizona are barred outright. *See Alden v. Maine*, 527 U.S. 706, 750 (1999) (states have immunity from private suits for money damages.). Further, a State has Eleventh Amendment immunity from claims under both the ADA and § 1983. *Bd. of Tr. of University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001) (holding money damage suits under the ADA against states were preempted by sovereign immunity); *Quern v. United States*, 440 U.S. 332, 343-344 (1979) (concluding Congress did not clearly manifest an intent to abrogate immunity for purposes of § 1983); *see also Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989) (section 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties, and Congress did not disturb the States' Eleventh Amendment immunity for § 1983 suits).

The money damages claims against Chief Justice Scott Bales in his official capacity and the claims against the Supreme Court of Arizona are likewise barred by Eleventh Amendment sovereign immunity. *See Lucas v. Arizona Supreme Court Fiduciary Certification Program*, 457 F. App'x 689 (9th Cir. 2011) ("The Arizona Supreme Court . . . is an 'arm of the state' for Eleventh Amendment purposes."); *Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677 (5th Cir. 2014) (the Eleventh Amendment precludes official-capacity liability). As a member of the Arizona Supreme Court, Chief Justice Scott Bales represents an arm of the state, and the claims

against him in his official capacity are duplicative of claims against the Arizona Supreme Court. Any damages claim against him in his official capacity as chief justice would ultimately be against the court itself and the State of Arizona. Furthermore, the Fifth Circuit has held that judges are entitled to Eleventh Amendment sovereign immunity in official-capacity suits for money damages even where the plaintiff asserts that the actions complained of were undertaken in an administrative capacity because the state is the real party in interest. *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

If Plaintiff were to seek a prospective injunction against an alleged illegal action of the Chief Justice, *Ex Parte Young* would provide the only Eleventh Amendment exception to suit against an officer of the state in his official capacity. *Ex Parte Young*, 209 U.S. 123, 163 (1908) (providing a narrow exception to the Eleventh Amendment allowing courts to enjoin further unlawful acts by a judge or other state official). To the extent Plaintiff seeks to pursue relief under *Ex Parte Young*, as discussed below, Plaintiff's claims are barred by *Rooker-Feldman* and/or he lacks standing to assert them.

The claims against the State Bar of Arizona warrant further analysis because not all governmental units are considered arms of the state protected by sovereign immunity. *Alden*, 527 U.S. at 756 (illustrating some entities such as municipalities are not conferred Eleventh Amendment sovereign immunity). The Fifth Circuit has long held that state bar associations are agencies of the state and are thus protected by Eleventh Amendment sovereign immunity. *See Krempp v. Dobbs*, 775 F.3d 1319, 1321 (5th Cir. 1985) (applying the Eleventh Amendment to the State Bar of Texas); *Lewis v. Louisiana State Bar Ass'n*, 792 F.2d 493, 497-498 (5th Cir. 1986) (holding Louisiana Bar Association is an arm of the state); *Davis v. Mississippi*, 119 F.3d

4 (5th Cir. 1997) (clarifying Mississippi Bar is an arm of the state entitled to sovereign immunity).

This case also resembles *Green v. State Bar of Texas*. In that case the plaintiff sued the Texas State Bar Association's Unauthorized Practice of Law Committee ("UPLC") for interfering with his business after the UPLC sued to enjoin plaintiff from practicing law. *Green v. State Bar of Texas*, 27 F.3d 1083, 1085 (5th Cir. 1994). The Fifth Circuit held that the UPLC was an arm of the state for purposes of the Eleventh Amendment and not subject to suit. *Id.* at 1087-88. This Court finds that the State Bar of Arizona performs similar responsibilities in regulating the practice of law as other bar associations the Fifth Circuit has deemed arms of the state.

Furthermore, application of Eleventh Amendment immunity is supported by a decision from the Ninth Circuit, which held that the State Bar of Arizona is an arm of the state and protected by the Eleventh Amendment. *Gilchrist v. Arizona Supreme Court*, 10 F. App'x 468, 470 (9th Cir. 2001); *see also Camboni v. Brnovich*, No. CV-15-02538-PHX-JAT, 2016 WL 4271850, at *2 (D. Ariz. Aug. 15, 2016). Accordingly, the Court concludes that Plaintiff's claims seeking monetary damages against the State Bar of Arizona should be dismissed on the basis of Eleventh Amendment sovereign immunity.[2]

The claims for injunctive and declaratory relief against the State of Arizona, the Supreme Court of Arizona, the State Bar of Arizona, and the State Bar of Texas are also barred by the Eleventh Amendment. *See Cantu v. Comm'n for Lawyer Discipline. Cantu v. Comm'n for Lawyer Discipline*, No. SA-17-CV-160-XR, 2017 WL 2415024 at *2-3 (W.D. Tex. June 1, 2017) (*Ex Parte Young* exception only permits suits against individuals, not state or state

---

[2] Plaintiff contends that discovery is necessary to resolve certain issues in the motions to dismiss. The Court does not find that discovery is necessary because, even if the Eleventh Amendment does not apply to the State Bar of Arizona, Plaintiff's claims are barred by *Rooker-Feldman* and/or lack of standing.

agencies). A plaintiff may use the *Ex Parte Young* exception to Eleventh Amendment immunity to enjoin an individual acting in an official capacity from planned or continuing violations of federal law. *Id*. However, suits for injunctive relief directly against arms of the state are prohibited. *Id*.

Therefore, all of Plaintiff's claims are barred by Eleventh Amendment immunity except potentially claims for prospective injunctive relief against Defendant Scott Bales in his official capacity, but those claims are dismissed as discussed below.

**B. Plaintiff's Attack on the Arizona Disciplinary Judgment Court Does Not Survive a 12(b)(1) Challenge because the *Rooker-Feldman* Doctrine Bars District Courts from Acting as Appellate Courts for State Courts.**

Respect for the concurrent judicial authority of state courts in a federal system requires that the judgments of state courts be afforded full faith and credit absent some extraordinary circumstance. Absent a congressional grant of jurisdiction, district courts may not sit as appellate courts for the state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). *Cf. District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding final decisions of the District of Columbia's highest court are not reviewable by a United States district court).

*Rooker-Feldman* prohibits challenges in federal district court by state-court litigants to final state bar disciplinary proceedings complaining of injuries caused by the state-court proceedings and judgment; such challenges should be made through the proper appellate channels. *Exxon Mobil Corp. v. Saudi Basic Industr. Corp*., 544 U.S. 280, 292 (2005); *Kastner v. Texas Bd. of Law Examiners*, 408 F. App'x 777, 779 (5th Cir. 2010) ("State bar admissions determinations are judicial proceedings, and any challenge must be raised by appeal to the state appellate courts, not by collateral attack in a federal district court."); *Cantu v. Commission for*

*Lawyer Discipline*, No. SA-17-CV-160-XR, 2017 WL 2415024, at *4 n.3 (W.D. Tex. June 1, 2017) (constitutional challenges to disbarment should be decided in state court proceedings and principles of comity and abstention doctrines preclude federal district courts from considering those claims on collateral attack).[3]

In *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982), the Supreme Court held that state bar disciplinary proceedings were of the character to warrant federal deference. *See also Wightman v. Texas Supreme Court*, 84 F.3d 188 (5t h Cir. 1996) ("It is now well recognized that attorney disciplinary proceedings are among those judicial proceedings invested with sufficient important state interest to warrant deference under *Younger*."). In *Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994), the Fifth Circuit applied *Rooker-Feldman* to a claim by a disbarred attorney asserting that his disbarment violated due process. "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Liedtke*, 18 F.3d at 317. More recently, the Fifth Circuit applied *Rooker-Feldman* to due process and equal protection claims brought by a disciplined attorney in Louisiana in *Riley v. Louisiana State Bar Association*, 214 F. App'x 456 (5th Cir. 2007). As in *Liedtke* and *Riley*, Plaintiff's claims are inextricably intertwined with his disbarment, and thus may not be litigated in a collateral proceeding in federal court.

Arizona Supreme Court Rule 58 leaves no doubt as to the finality of the Arizona Supreme Court's disciplinary judgment. The rule states that in disciplinary proceedings against

---

[3] The Court rejects Plaintiff's argument that *Rooker-Feldman* does not apply to the case at bar because of the tax classification status of bar associations and the alleged unlawful delegation of authority to the State Bar of Arizona in violation of separation of powers principles.

an attorney, "The decision of the hearing panel is final, subject to the parties' appeal rights as set forth in Rule 59." Ariz. Sup. Ct. R. 58(k). Plaintiff effectively seeks review of the Arizona Supreme Court's judgment of disbarment on grounds of numerous constitutional allegations. Arizona Supreme Court Rule 59(a) afforded Plaintiff the remedy of filing a notice of appeal within 10 days assuming his disciplinary settlement was appealable in the first place. Plaintiff did not file his notice of appeal in a timely manner, and he moved for extension of time to file an appeal on May 5, 2017, three months following the judgment of disbarment. (docket no. 4-1 at 1)

Arizona Supreme Court Rule 59(b) provides that a motion for an extension of time be filed within 30 days following the expiration of the time for appeal. The Arizona Supreme Court denied Plaintiff's request for more time because 92 days passed from the entry of judgment until he filed his motion. (docket 4-1 at 3) Plaintiff now appeals to this Court to collaterally attack the final judgment of the Arizona Supreme Court because he failed to file a notice of appeal in time per the law of Arizona.

The fact that Plaintiff raises constitutional objections to the Arizona Supreme Court's judgment will not support this Court assuming jurisdiction of the case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983) ("These [constitutional] allegations are inextricably intertwined with the District of Columbia Court of Appeals' decisions, in judicial proceedings, to deny the respondents' petitions. The District Court, therefore, does not have jurisdiction over these elements of the respondents' complaints."). Even claims at the heart of due process such as notice can be barred by the *Rooker-Feldman* doctrine. *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 350 (5th Cir. 2003). Nor is the fact that Plaintiff's constitutional claims were not considered in the state court proceeding; all that is required is an

opportunity to present such claims. *Cantu*, 2017 WL 2415024, at *4. Therefore, this Court lacks subject matter jurisdiction to question the validity of the Arizona disbarment.

### C. The Claims Challenging the Texas State Bar's Reciprocal Disbarment are also Barred.

Plaintiff prays this Court set aside the judgment of disbarment in Texas because the Supreme Court of Arizona's judgment of disbarment was allegedly invalid. This Court has already held that it cannot address the validity of the disciplinary judgment in Arizona.

To the extent Plaintiff raises due process challenges in the Texas disbarment proceedings based on alleged difference between reciprocal[4] and initial disbarment proceedings and the alleged denial of an evidentiary hearing before BODA, that claim is also barred by *Rooker-Feldman*. Plaintiff did not appeal his Texas disbarment to the Texas Supreme Court, where he would have had an opportunity to raise his constitutional claims. He cannot now collaterally attack the disbarment in federal court. *Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994); *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 945 (5th Cir. 1994); *Cantu v. Commission for Lawyer Discipline*, No. SA-17-CV-160-XR, 2017 WL 2415024, at *4 nn.2-3 (W.D. Tex. June 1, 2017). Accordingly, this Court lacks the ability to grant Plaintiff relief from the Texas judgment

---

[4] Attorneys disciplined in other jurisdictions may also face "disciplinary action in Texas based upon the discipline imposed in the other jurisdiction. These proceedings are filed with BODA and a certified copy of the judgment or order from the other jurisdiction is considered prima facie evidence of the matters contained therein. In addition, a final adjudication of professional misconduct is conclusive subject to enumerated defenses which may be raised by the Respondent in defense of the reciprocal discipline lawsuit. TRDP 9.01. If the Respondent fails to file an answer, BODA is mandated to enter a judgment imposing identical discipline, to the extent practicable, with that imposed in the other jurisdiction. TRDP 9.03. To avoid the imposition of identical discipline, the Respondent must prove by clear and convincing evidence any of the following defenses: 1) A procedural due process violation in the other jurisdiction; 2) An infirmity of proof establishing misconduct in the other jurisdiction due to such a degree that BODA should not accept the decision as final; 3) The imposition of identical discipline would result in a grave injustice; 4) The misconduct established in the other jurisdiction warrants substantially different discipline in Texas; or 5) The misconduct for which the attorney was disciplined in the other jurisdiction does not constitute professional misconduct in Texas. TRDP 9.04." STEPHANIE STROLLE, THE TEXAS ATTORNEY DISCIPLINE SYSTEM (State Bar of Texas, Texas Minority Attorney Program, May 2007).

based on the Arizona judgment's putative illegality or based on alleged constitutional violations in the Texas disbarment proceedings.

**D. Plaintiff's Claim that Arizona's Attorney Disciplinary Regimen Violates Arizona's Constitution are Outside this Court's Subject-Matter Jurisdiction and must be Dismissed under Rule 12(b)(1).**

To the extent Plaintiff asserts that the Arizona Bar structure violates federal law, the claims are barred by *Rooker-Feldman* because Plaintiff is essentially challenging the structure to obtain a reversal of his own disbarment, and thus the claims are inextricably intertwined with his own disbarment judgment. *Jones v. Louisiana State Supreme Court*, 740 F. App'x 83 (5th Cir. 2018) ("Even if some of Jones's claims can somehow be characterized as a general, facial challenge to the constitutionality of the disciplinary system, he should have raised those issues during the state court proceeding."). In addition, Plaintiff lacks standing to assert such claims because he is no longer a member of the Arizona State Bar. Last, to the extent he asserts such challenges under state law, the Court declines to exercise supplemental jurisdiction over them.

## CONCLUSION

For the reasons stated above, Plaintiff's claims are barred by Eleventh Amendment immunity and by the principles of *Rooker-Feldman*. Because all of Plaintiff's claims are beyond this Court's subject-matter jurisdiction, this Court may not entertain the present suit.

Accordingly, Defendants' Motions to Dismiss (docket no. 4; docket no.7; docket no. 11) are **GRANTED**. Plaintiff's motion to amend the title of his pleading (docket no. 20) is **GRANTED**. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE as discussed herein and the Clerk is directed to issue a Judgment pursuant to Rule 58 and to CLOSE this case.

SIGNED this 25th day of April, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE